OPINION OF THE COURT
Joel M. Goldberg, J.
Pursuant to a defense motion to suppress, a Mapp hearing was held on July 17, 1989 to determine the admissibility of testimony regarding alleged violations of the Administrative Code of the City of New York. The Hearing Officer by findings of fact and conclusions of law made on the record on August 3, 1989 recommended that the defendant’s motion be granted. For the following reasons, I respectfully disagree with the *745 Hearing Officer’s recommendation and deny the motion to suppress.
FINDINGS OF FACT
On November 19, 1989 at approximately 1:50 a.m. five members of the New York City Police Department, 2 of whom were in uniform and 3 of whom were in plain clothes, arrived at 436 New Lots Avenue in Brooklyn. Their purpose was to accompany two building inspectors and a Fire Department lieutenant in an inspection of the premises for Building and Fire Code violations pursuant to sections 26-216 and 27-106 of the Administrative Code. On the building’s exterior was a prominent sign with the words, "Mayagues Crystal Social Club”.
On arriving, entry was made through an unlocked front door by the two uniformed police officers and their supervising sergeant who was in plain clothes. The other members of the group soon followed. The sergeant encountered a male just inside the door, identified himself, and asked to speak to "the man in charge” or the manager of the premises. The man pointed the sergeant to another man behind a bar which had a cash register behind it. The room contained a number of tables with chairs and there were apparent patrons who were drinking.
The police were present to provide security for the inspectors and the police undertook no search of the premises. The premises was selected for inspection because it was on a police department "padlock” list of social clubs engaged in unlicensed liquor sales. There was no objection to the entry of the police by anyone in the premises and apparently there was no objection to the subsequent inspection. There was no search warrant. The sergeant, the only witness who testified, stated that he believed the premises was a social club open to the public.
CONCLUSIONS OF LAW
The People have gone forward with sufficient evidence to „ establish that the premises was open to the public. The testimony established that at 1:50 a.m. the premises had an unlocked, unattended front door, a prominent sign stating that the premises was a social club and no sign or other indication that public entry was limited in any way. Thus, the defendant failed to establish that the premises was private or *746 that the owners of the premises had any reasonable expectation of privacy. (See, People v Green, 81 AD2d 621 [2d Dept 1981].)
Further, no warrant was required for the inspection by the Building and Fire Department inspectors, since social clubs selling liquor are "pervasively regulated” and such regulatory inspections without a warrant are inherently reasonable. (Colonnade Corp. v United States, 397 US 72, 77 [1970]; also see, New York v Burger, 482 US 691 [1987].) Upon their lawful entry, it was obvious to the inspectors that the premises was operating as a social club serving liquor. Although the premises may have been unlicensed, it should not be exempt from an inspection to insure that it complied with safety regulations intended to protect the public. Compliance with these regulations is necessary to the public’s safety regardless of whether the owner chooses to violate the law by serving liquor or operating a social club without a license.
It is thus unnecessary to decide whether the consent to the administrative search by someone in apparent authority furnishes an independent basis for denying suppression.